UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AISHA O. KABA,

                Plaintiff,

      -against-                              **MEMORANDUM & ORDER**
                                                       22-CV-6384 (OEM) (LB)

HOPE HOME CARE,

                Defendant.
-------------------------------------------------------------------x

**ORELIA E. MERCHANT, United States District Judge:**

        Plaintiff Aisha O. Kaba ("Kaba" or "Plaintiff") brings this *pro se* action against Defendant Hope Home Care ("HHC" or "Defendant") alleging she was unfairly suspended from her job and that she suffered injuries while at her job. For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is granted. However, the complaint is dismissed for lack of subject matter jurisdiction.

## BACKGROUND

        Plaintiff filed this action and a motion for leave to proceed *in forma pauperis* on October 18, 2022. ECF 1 ("Complaint") at 2. Plaintiff's complaint states that she is a resident of Staten Island, New York. *Id.* It also alleges that her employer, HHC, is a corporation also located in and having a principal place of business on Staten Island. *Id.* at 2, 5. Plaintiff invokes both the Court's federal question jurisdiction and diversity jurisdiction. *Id.* at 4.

        Substantively, Kaba raises two grievances. First, Kaba claims she "suffered severe pain and suffering from a broken toe injur[y] while working at" a client's residence in September 2022. *Id.* at 4-5. She alleges that she went to the hospital for medical treatment but that the hospital did not take her insurance. *Id.* Additionally, she alleges that this injury was sustained due to a "neglect and lack of care" on the part of HHC. *Id.* (alleging that HHC "did not show reasonable care.").

1

Second, Kaba alleges that she was suspended from her job "for two weeks without pay for not wearing a face mask after the injuries" despite being vaccinated. *Id.* Kaba requests monetary compensation both for her physical pain and suffering as well as for her suspension. *Id.* at 6.

## STANDARD OF REVIEW

28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. . § 1915(a).[1] However, in exchange for the privilege of maintaining an action without payment and to avoid abuse of the judicial system, § 1915(e) provides a mechanism for the Court to initially review the complaint prior to the issuance of summons and the commencement of the adversarial process. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

Thus, the Court's duty at this stage involves two "distinct" tasks: (1) reviewing the plaintiff's affidavit and assessing their inability to pay the filing fee,[2] and (2) reviewing the complaint on the merits. *See id.* ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis status* and whether his claims have merit present two distinct issues.").

---

[1] 28 U.S.C. § 1915 also contains additional requirements and provisions for incarcerated litigants seeking *in forma pauperis* status which do not apply here. *See, e.g.*, *id.* at (a)(2), (b); § 1915A.

[2] As of the date of this order, the current filing fee for civil cases in this district is $402.00. *See* Court Fees, Eastern District of New York, *available at* https://perma.cc/9Z9L-TNZG.

As to whether Plaintiff qualifies for *in forma pauperis* status, that "decision . . . is left to the District Court's discretion[.]" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y. 2002). "The Supreme Court has long held that 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823 (GRB)(AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948)) (internal quotation marks omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In practice, "[t]he standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538. That is, the complaint must survive the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyer"). Nonetheless, a *pro se* plaintiff must "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### I. Motion to Proceed *In Forma Pauperis*

Upon review of Plaintiff's affidavit in support of the application to proceed *in forma pauperis*, *see* ECF 2, the Court finds that Plaintiff is qualified by her financial status to commence this action without the prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

### II. Review of the Complaint under 28 U.S.C. § 1915(e)

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428, 434 (2011). "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo*, 541 F.3d 75, 82 (2d Cir. 2008)). If subject matter jurisdiction is absent, the district court must dismiss the complaint regardless of the merits of the underlying action. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F. 3d 1182, 1188 (2d Cir. 1996); *see also Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

As an initial matter, Plaintiff cannot establish diversity jurisdiction under 28 U.S.C. § 1332 because, as plead, the Plaintiff and Defendant are both citizens of New York; thus, there is no complete diversity between the parties. *See* Complaint at 2; *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's [] diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and

4

no defendant who are citizens of the same state.") (internal quotation marks omitted). Moreover, Plaintiff's complaint contains no allegation of an amount-in-controversy exceeding $75,000. 28 U.S.C. § 1332(a). *See Arbaugh,* 546 U.S. at 514 (explaining that the "amount-in-controversy threshold [is] an ingredient of [§ 1332] subject-matter jurisdiction"). Therefore, for her claims to proceed Plaintiff must establish that this Court has jurisdiction "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

A.  **Negligence Claims**

Kaba's complaint alleges physical injuries caused by her employer's negligence and which occurred during her employment. *See* Complaint at 5 (alleging Plaintiff "was injured on the job" at a client's home due to "neglect and lack of care . . . while on duty for Hope Home Care"). Assuming *arguendo* that defendant HHC is a covered "employer" under New York's Worker's Compensation Law, *see* N.Y. Workers' Comp. Law § 2(3), Kaba's claims in federal court are barred by that same statutory scheme.

"As a general rule, when an employee is injured in the course of his employment, his sole remedy against his employer lies in his entitlement to recovery under the [New York] Workers' Compensation Law." *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 431 (S.D.N.Y. 2019) (quoting *Billy v. Consol. Mach. Tool Corp.*, 51 N.Y.2d 152, 156 (N.Y. 1980) (internal quotation marks omitted). *See* N.Y. Workers' Comp. Law § 10, 11, 29(6). Specifically, Section 11 establishes that the "the Workers' Compensation Board has exclusive jurisdiction to hear and determine plaintiff's claim for workers' compensation benefits." *Horsham v. Fresh Direct*, 136 F. Supp. 3d 253, 265 (E.D.N.Y. 2015) (citation omitted) (collecting cases). Consequently, "an injured party who receives workers' compensation cannot sue the employer ... whose negligence caused his injuries." *Isabella v. Koubek*, 733 F.3d 384, 388 (2d Cir. 2014) (citing N.Y. Workers'

5

Comp. Law §§ 11, 29(6)); *see Weiner v. City of New York*, 84 A.D.3d 140, 143 (N.Y. App. Div. 2011), *aff'd*, 19 N.Y.3d 852, 970 (2012) ("A cornerstone of the workers' compensation framework is a tradeoff: the employee is afforded swift and sure compensation and the employer is assured that its workers' compensation liability to its employee 'shall be exclusive and in place of any other liability whatsoever.'" (quoting N.Y. Workers' Comp. Law § 11, 29(6)) (additional citations omitted)); *Sims v. New York City Dep't of Parks & Recreation*, No. 08 CIV. 5741(JSR), 2010 WL 46370 at *3 (S.D.N.Y. Jan. 6, 2010) ("There is no subject matter jurisdiction for Plaintiff's 'remaining workers' comp discrimination claims, because such claims fall within the exclusive jurisdiction of the New York Workers' Compensation Law") (cleaned up).

Here, because Kaba alleges that her injury occurred because of, and in the course of, her employment, her exclusive remedy is through the New York workers' compensation system, which is administered by the Workers' Compensation Board.  Further, even if the Worker's Compensation Law was inapplicable here and Kaba could establish some other source of jurisdiction, Kaba's complaint still fails to state a claim that HHC is liable for negligence for injuries she "sustained at [a] client's house." Complaint at 5.  That is, there is no "factual content" in her sparse complaint "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).

Accordingly, these claims are dismissed.

### B.     Adverse Employment Actions

Kaba also alleges that she was suspended for two weeks without pay by HHC (a private corporation) for not wearing a mask at work. *See* Compl at 5.  Construed most generously, Kaba may be alleging a discriminatory or retaliatory employment practice in violation of Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e *et seq*.  But, even construed most generously in

Kaba's favor, the complaint is devoid of any allegations that can support a Title VII claim, and consequently she fails to invoke this Court's jurisdiction. Under Title VII, it is "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). However, here there is no allegation that HHC's decision to suspend Kaba was in connection with any of these protected characteristics or classes—rather, Kaba's suspension was predicated on her refusal to wear a mask at work.[3] *See Klaassen v. Trustees of Indiana Univ.,* 7 F.4th 592, 593 (7th Cir. 2021) (noting that having to wear masks and be tested as a condition of attending college are "requirements that are not constitutionally problematic"); *accord Strong v. Zucker,* 582 F. Supp. 3d 65, 72 (W.D.N.Y. 2022).

Thus, the Court concludes that Plaintiff has failed to allege sufficient facts to establish § 1331 jurisdiction for this claim. Accordingly, Kaba's claims related to her suspension are also dismissed.

## CONCLUSION

For these reasons, Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) ("dismissal for lack of subject matter jurisdiction is not an adjudication of the merits, and hence has no res judicata effect."). The Clerk of Court is directed to enter judgment and close this case.

---

[3] As the Court finds there is no basis for arising under jurisdiction, there is no need for the Court to inquire as to whether the plaintiff may have a claim under New York City Human Rights Law. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188 (2d Cir. 1996) ("[S]ince a court must have original jurisdiction in order to exercise supplemental jurisdiction, a dismissal pursuant to Rule 12(b)(1) precludes a district court from exercising supplemental jurisdiction over related state claims.").

In light of its duty to liberally construe *pro se* complaints, the Court has considered whether to grant Plaintiff leave to amend her complaint but finds that amendment would be futile.  *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

      /s/ Orelia E Merchant
**ORELIA E. MERCHANT**
**United States District Judge**

August 25, 2023
Brooklyn, New York